NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3164

RICHARD A. BECKER,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Richard A. Becker, of Coram, New York, pro se.

Lauren S. Moore, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3164

RICHARD A. BECKER,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board
in NY4324090034-I-1

_____

DECIDED: October 7, 2009

_____

Before RADER, BRYSON, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Richard A. Becker petitions for review of a final decision of the Merit Systems Protection Board denying his claim under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). We <u>affirm</u> the decision of the Board.

## BACKGROUND

Mr. Becker served honorably in the United States Army until his discharge in July 1991. In 2008, Mr. Becker was employed as a Nursing Assistant (GS-5) at the

Northport Veterans Affairs Medical Center, which is operated by the Veterans Health Administration, an agency within the Department of Veterans Affairs. This appeal concerns the agency's decision to deny Mr. Becker three promotions for which he was qualified under the applicable selection criteria.

In April 2008, Mr. Becker applied for two Nursing Assistant positions at the GS-6 level. The vacancy announcement for the first Nursing Assistant position elicited only one other eligible applicant. A three-member selection committee interviewed the candidates and gave each an "interview score." Mr. Becker received an interview score of 55, while the other candidate received an interview score of 89. For the second Nursing Assistant position, Mr. Becker was one of 11 eligible candidates who were referred to the Associate Director for Patient Care Services for further consideration. In November 2008, Mr. Becker was informed that he had not been selected for either Nursing Assistant position.

Mr. Becker also responded to a merit promotion announcement for the position of Supervisory Medical Administrative Assistant. A three-member Merit Promotion Panel was convened for the purpose of evaluating the qualifications of the applicants for the open position. Under the rating procedure employed by the panel, an applicant could be awarded a maximum possible score of 105. Mr. Becker received a score of 18, which was the lowest score among the 20 applicants who were deemed to be minimally qualified for the open position. The 10 candidates who had scored 60 or higher advanced to the second round of the selection process. On October 2, 2008, Mr. Becker was notified that although he had qualified for the position, he did not rank high enough within the applicant pool to merit further consideration.

Mr. Becker appealed the non-selection decisions to the Merit Systems Protection Board, claiming that the agency had discriminated against him based on his prior military service. Although Mr. Becker initially requested a hearing on his claims, he later withdrew that request. On January 2, 2009, Mr. Becker filed a motion to compel discovery from the agency and from a third party, "Leon of EMS VAMC Northport, NY."

The administrative judge who was assigned to the case issued an initial decision denying the motion to compel and dismissing Mr. Becker's claim on the merits. The administrative judge denied Mr. Becker's motion to compel because it did "not comply with the Board's regulations." On the merits of the appeal, the administrative judge reviewed the evidence in the record and found that Mr. Becker had failed to show that his prior military service was a substantial or motivating factor in the agency's non-selection decisions. The administrative judge noted the lengthy period of time between Mr. Becker's military service and the agency's decisions and the absence of any evidence to support a finding of hostility in the workplace towards members of the military. The administrative judge also pointed out that there was no evidence in the record suggesting that the agency's reasons for not selecting Mr. Becker were pretextual.

Mr. Becker petitioned for review before the full Board, but the petition was denied. This petition followed.

DISCUSSION

On appeal, Mr. Becker repeats his assertion that he was "better qualified for the positions applied for than others." As support for that proposition, Mr. Becker cites his perfect attendance record, his long tenure at the Northport Veterans Affairs Medical

Center, and the absence of any reports against him of patient abuse or of workplace violence.

There is no dispute that Mr. Becker satisfied the basic qualifications for the positions at issue in the appeal. The critical inquiry, however, is whether the non-veterans were hired notwithstanding Mr. Becker's superior qualifications, as determined by using the performance metrics and selection criteria set forth by the agency. As to that issue, Mr. Becker has not pointed to any evidence suggesting that he was the most qualified employee under the agency's selection criteria for each of the various positions for which he applied. Nor has he pleaded or established that the selection criteria themselves were somehow faulty or pretextual. Thus, the administrative judge did not err in rejecting Mr. Becker's assertions with respect to his qualifications as compared to those of the individuals who were selected for the positions.

Mr. Becker also challenges the administrative judge's finding that there was no direct or circumstantial evidence of a general animus toward military servicemen. According to Mr. Becker, the management team "is almost 100% nonvets" and the deciding officials at the agency "promote and try to hire nonvets" to the exclusion of veterans. Evidence of disparate treatment of veterans "compared to other employees with similar work records" is certainly probative of the employer's impermissible intent. Sheehan v. Dep't of the Navy, 240 F.3d 1009, 1014 (Fed. Cir. 2001). As a threshold matter, however, Mr. Becker has failed to adduce any evidence supporting his allegation that the agency entertained a hiring preference for non-veterans. More importantly, Mr. Becker has neither alleged nor established that the affected veterans were just as qualified as the non-veterans who were selected for the positions at issue

in the appeal. We therefore find that substantial evidence supported the administrative judge's finding of an absence of hostility toward prior military service.

In his reply brief, Mr. Becker alleges for the first time that the agency denied him a promotion in retaliation for the many grievances and complaints that he has filed with his union, the Merit Systems Protection Board, and the Equal Employment Opportunity Commission. That allegation was neither raised before the administrative judge nor presented in Mr. Becker's opening brief in this court. We have previously stated that a "party in an MSPB proceeding must raise an issue before the administrative judge if the issue is to be preserved for review in this court." Bosley v. Merit Sys. Prot. Bd., 162 F.3d 665, 668 (Fed. Cir. 1998). Similarly, any issues or arguments not raised by the petitioner in his opening brief in this court are deemed forfeited. Fellhoelter v. Dep't of Agric., 568 F.3d 965, 975 (Fed. Cir. 2009); Hannon v. Dep't of Justice, 234 F.3d 674, 680 (Fed. Cir. 2000). Accordingly, Mr. Becker's retaliation claim is not properly preserved for appellate review, and we decline to reach that claim in the first instance.

In any event, there is no support in the record for Mr. Becker's contention that the agency retaliated against him for asserting his USERRA rights. There is no indication that the rating procedures, either expressly or impliedly, took into account an applicant's USERRA claims against the agency. Nor is there any suggestion in the record that the deciding officials considered, or were even aware of, Mr. Becker's earlier USERRA claims. Thus, even if we were to find that Mr. Becker's retaliation claim had not been forfeited, that claim would fail on the merits.

With respect to the denial of his motion to compel, Mr. Becker contends that, contrary to the finding of the administrative judge, he "did comply with MSPB

procedures." Decisions pertaining to discovery matters will not be overturned unless an abuse of discretion by the administrative judge is both clear and prejudicial. See Curtin v. Office of Pers. Mgmt., 846 F.2d 1373, 1379 (Fed. Cir. 1988). In this case, the administrative judge did not abuse his discretion in denying Mr. Becker's motion to compel, because the motion did not satisfy the requirement that it "shall include . . . [a] copy of the original request and a statement showing that the information sought is relevant and material; and . . . [a] statement that the parties have discussed the anticipated motion and have made a good faith effort to resolve the discovery dispute and narrow the areas of disagreement." 5 C.F.R. § 1201.73(e)(1). Even assuming, however, that the administrative judge erred in denying the motion to compel, Mr. Becker has not made a showing that the error was prejudicial.

For the above reasons, we sustain the decision of the Board.